590 P.2d 1016

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Terry REIMER, Defendant-Appellant.**

**No. 12789.**

Supreme Court of Idaho.

Feb. 21, 1979.

Klaus Wiebe, Public Defender, Gary E. Lofland, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Appellant was convicted by the jury on all four counts of the information and judgments of conviction and sentence were entered.

Relevant proceedings in the district court were as follows: The jury was selected. The court excused the jury and held an evidentiary hearing on Reimer's motion to suppress certain evidence. In the suppression hearing the victim of the assault testified on direct examination for the state. The direct examination was limited to the suppression issue. Defendant's counsel on cross-examination (ostensibly testing credibility) inquired concerning the victim's prior testimony given at the preliminary hearing, thereby adducing testimony not elicited on direct examination concerning Reimer's conduct in assaulting the witness with a deadly weapon. The hearing was concluded. The jury was reconvened and the trial proceeded. The victim testified on direct examination concerning Reimer's assault with a deadly weapon.

Appellant assigns as the ground for reversal that the cross-examination conducted by his counsel adduced the sole evidence at trial to prove the crime, assault with a deadly weapon. Appellant argues he was thereby denied constitutionally guaranteed reasonably competent assistance of counsel. Appellant's counsel on appeal did not represent him at trial.

Appellant's counsel, in oral argument, initially noted the brief's assignment of error and arguments were premised upon the erroneous assumption that the criticized cross-examination occurred in the jury trial. Counsel urged this Court, nevertheless, to consider the question of competency of trial counsel. In this vein, it is argued the suppression hearing cross-examination served to refresh the prosecutor's memory of the need to adduce the same testimony at the reconvened jury trial.

Such argument is based upon the following predicates: That the prosecutor had forgotten his task; the cross-examination was the reminder; and nothing else would have served as a reminder.

The appeal is without merit. The judgments are affirmed.